UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELLY LAL,

        Plaintiff(s),

    v.

STATE OF CALIFORNIA, et al.,

        Defendant(s).
_____/

No. C 06-5158 PJH

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

    Plaintiff's motion for relief from judgment was heard by the court on March 5, 2008. Sydney Fairbairn appeared for plaintiff; Thomas Blake and John Devine appeared for defendants. Having read the moving and opposing papers (no reply was filed), heard the arguments and carefully considered the relevant legal authority, the court DENIES the motion for the reasons stated at the hearing and set forth more full below.

    The facts are not in dispute. The event giving rise to plaintiff's claims, a fatal shooting, occurred on March 6, 2005. Two days after the event, plaintiff retained Chesterfield Spahr ("Spahr") to represent her in this lawsuit which was filed in state court on December 20, 2005. After the case was removed to this court on August 23, 2006, an initial case management conference was scheduled for November 30, 2006. Although Spahr appeared at the conference he was unprepared to proceed, had failed to meet and confer as required by the local rules to participate in the preparation of a case management statement, and had not complied with the initial disclosure requirements. The conference could not be conducted and was continued to January 18, 2007. Spahr did not appear at the conference and an order to show cause why the case should not be dismissed for failure to prosecute was issued, setting a hearing on the order to show cause for February

1, 2007. The order also warned that a failure to appear would result in a dismissal of the complaint. Spahr did not appear at the hearing on the order to show cause, defendants moved for dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. Pro. 41, and the motion was granted.

Almost one year later, on January 25, 2008, plaintiff moved for relief from the judgment pursuant to Fed. R. Civ. Pro. 60. The basis for plaintiff's motion is that Spahr had lied to her about the status of her case, had led her to believe that he was working diligently on it, and had never told her of his missed appearances or of the dismissal. She found out that the case had been dismissed on October 1, 2007, when another attorney (not Ms. Fairbairn) looked at the court docket for her. She filed a complaint with the California State Bar about Spahr's conduct on October 12, 2007.

Plaintiff argues that she is blameless, that she should not have to suffer the consequences of her lawyers negligence, that dismissal is too drastic a sanction, and that there will be no prejudice to defendants if her motion is granted. Plaintiff purports to bring her motion under Rule 60(b)(1) which permits the court to relieve a party from a final judgment based upon mistake, inadvertence, surprise, or excusable neglect. In her papers plaintiff argues that it is the absence of any neglect on her part rather than the presence of excusable neglect on the part of her counsel upon which the court should focus. However, at the hearing, plaintiff conceded that the focus properly is on the conduct of her attorney, that there was nothing in the record that suggests that his conduct amounted to excusable neglect, and that in any event such neglect would be chargeable to her. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002) (client presumed to have voluntarily chosen lawyer as her representative and agent and ordinarily cannot avoid accountability for negligent acts or omissions of counsel), *citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962).

Relying on *Tani*, plaintiff argues that relief is also available under Rule 60(b)(6) which permits the court to relieve a party from a final judgment on any ground, exclusive of

2

the other grounds listed in the rule, that justifies relief.  A party merits relief under this section if she demonstrates extraordinary circumstances which prevented or rendered her unable to prosecute her case.  The *Tani* case involved the entry of default against the defendant based upon his counsel's repeated failure to serve the answer, his failure to participate in a court-ordered settlement procedure and counsel's lies to defendant about the status of his case.  The Ninth Circuit reversed the district court's grant of the plaintiff's motion for default, holding that gross negligence as distinguished from ordinary negligence may constitute extraordinary circumstances, that Tani's counsel was grossly negligent and that relief from default was warranted.  Plaintiff here argues that like in *Tani*, her attorney was grossly negligent and the court should find extraordinary circumstances.

Defendants oppose such a finding for a number of reasons that the court finds persuasive.  First, plaintiff cited no authority, and the court could find none, that extends the *Tani* rationale beyond the circumstances presented by entry of default against an unknowing defendant.  Indeed, in a subsequent opinion, the Ninth Circuit stated that, "Our decision in *Tani* was explicitly premised upon the default judgment context of the case." *Latshaw v. Trainer Wortham & Co., Inc.*, 425 F.3d 1097, 1103 (9th Cir. 2006).  The *Latshaw* case involved an attorney's purported gross negligence in the provision of erroneous legal advice leading the plaintiff to accept a Rule 68 offer, a situation unlike that presented by this case.  Nonetheless, given the express language limiting the holding of *Tani* to a situation where a client demonstrates gross negligence on the part of his counsel that results in the entry of a default against his client, the court is reluctant to extend the rationale to this case.

The court need not definitively resolve this issue, however, for *Latshaw* provides sufficient guidance for the court's evaluation here.  The Ninth Circuit reiterated that, "Judgments are not often set aside under Rule 60(b)(6).  Rather the Rule is '"used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent

or correct an erroneous judgment.'" *Id.* at 1103 (*citing United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (*quoting United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Thus the court is not prevented from and arguably is required to examine the equities presented by this motion, including the diligence of the plaintiff and prejudice to defendants.

With respect to the former, the court notes that plaintiff learned that her case had been dismissed four months before she filed her motion for relief. She did not file it earlier because she was looking for a new lawyer. She says in her declaration that had she known of the court date missed by her former lawyer, Spahr, she would have appeared on her own. Yet she made no contact with the court during the four months after she learned of the dismissal and she apparently pursued her remedies against Spahr with the California State Bar pro se. Thus the court finds that plaintiff did not pursue this relief diligently and her motion is, consequently, untimely.

With respect to prejudice to defendants, they argue, citing the Supreme Court's opinion in *Link*, that reinstating the lawsuit merely because plaintiff should not be penalized for the gross negligence of her attorney "would be visiting the sins of plaintiff's lawyer upon the defendant[s]." *Link*, 370 U.S. at 634. Although *Link* involved the application of Rule 60(b)(1) and not 60(b)(6), the result is the same here.

More significantly, however, is the prejudice defendants are likely to experience because of the failure of their recollections. Defendants submitted an expert declaration from Robert Bjork, Ph.D., professor and chair of the Psychology Department at the University of California, Los Angeles. He is a cognitive scientist whose decades-long research focuses on human learning and memory, research that spans decades. Declaration of Robert Bjork ("Decl.") at ¶ 3. He explains that "Forgetting, rather than being a process of decay, analogous to footprints fading in the sand, is a consequence of interference and competition among memories. Learning new information and using that information renders inaccessible information that is not longer being used. This forgetting

is a normal and expected consequence of our moving on to new events and tasks in our lives." *Id.* at ¶ 4. A major thrust of his research "has been on 'directed forgetting,' which refers to the forgetting process triggered by an explicit or implicit instruction that some information presented or studied earlier should now be forgotten, because it was presented in error, perhaps, or was presented only as a practice task before the actual to-be-remembered information is to be learned." *Id.* at ¶ 5. He further explains that "[f]orgetting facts and details happens naturally unless there is continued mental access to that information. Implicit or explicit cues that information no longer needs to be retained can accelerate the forgetting process." *Id.* at ¶ 6.

Dr. Bjork opines that "in the present instance the dismissal, now more than a year ago, of the case against the officers served as an unambiguous cue to the officers that they were free to move on with their lives–and free to *not* keep remembering and replaying memories of a highly traumatic episode that happened almost two years earlier." *Id. at ¶ 7*. And further that "[a]t this point, with and [sic] additional 357 days having passed from dismissal to the January 25, 2008, motion to set aside the dismissal, my opinion is that the officers' testimony will be lacking in the color and detail expected of police officers in such situations, meaning, among other things, that it may appear less credible than it would have had the officers not been lead to believe that the resolution in their favor was final." *Id.* at ¶ 10.

Defendants' counsel declares that the officers were told that the case had been dismissed on the merits and that after the appeal period had expired that the dismissal was final and there would be no further suits in other forums. Declaration of Tom Blake. Defendants request that the case not be reinstated because of the garden variety memory loss that a three year lapse between events entails and further because of the additional prejudice caused by the "directed forgetting" phenomenon described by Dr. Bjork. As previously noted, plaintiff did not file a reply to defendants' opposition nor did she address Dr. Bjork's opinion specifically at the hearing. His opinion, which the court finds both

5

credible and persuasive, remains unrebutted.

Accordingly, even assuming that the gross negligence of Spahr warrants a finding of extraordinary circumstances under *Tani*, under *Latshaw* the court must balance the equities. On balance, the court finds that plaintiff did not diligently pursue the relief sought here and that granting the relief would significantly prejudice defendants. While the court is sympathetic to plaintiff's plight, her blamelessness does not warrant visiting the negligence of her chosen counsel upon defendants. The motion for relief from the judgment is, therefore, DENIED.

**IT IS SO ORDERED.**

Dated: March 7, 2008

PHYLLIS J. HAMILTON
United States District Judge